IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FIRST AMERICAN CORELOGIC, INC., <br><br> Plaintiff, <br><br> v. <br><br> FISERV, INC., <br> INTELLIREAL, LLC, <br> INTERTHINX, INC. <br> LENDER PROCESSING SERVICES, INC., <br> PRECISION APPRAISAL SERVICES, INC., <br> REAL DATA, INC., <br> REALEC TECHNOLOGIES, INC., <br> ZILLOW, INC., <br><br> Defendants. | CIVIL ACTION NO. 2:10-cv-132 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff First American CoreLogic, Inc. ("CoreLogic") for its complaint against Defendants, Fiserv, Inc. ("Fiserv"), IntelliReal, LLC ("IntelliReal"), Interthinx, Inc. ("Interthinx"), Lender Processing Services, Inc. ("LPS"), Precision Appraisal Services, Inc. ("Precision Appraisal"), Real Data, Inc. ("RDI"), RealEC Technologies, Inc. ("RealEC"), and Zillow, Inc. ("Zillow") hereby alleges as follows:

**PARTIES**

1. Plaintiff CoreLogic is a Delaware corporation with its principal place of business at 4 First American Way, Santa Ana, California 92707. CoreLogic is one of the nation's largest providers of advanced property and ownership information, analytics, and solutions. As a core component of its business, CoreLogic manufactures and sells Automated Valuation Models

("AVMs") for real estate appraisal. CoreLogic is the owner of all rights to the patent asserted herein.

2. On information and belief, defendant Fiserv is a Wisconsin corporation with its principal place of business at 255 Fiserv Drive, Brookfield, Wisconsin 53045. Defendant Fiserv makes, imports, uses, offers to sell, and/or sells within the United States, including the state of Texas and the judicial district, products, including, but not limited to, AVMs for real estate appraisal.

3. On information and belief, defendant IntelliReal is a Colorado company with its principal place of business at 4600 S. Syracuse Street, Suite 370, Denver, Colorado 80237. Defendant IntelliReal makes, imports, uses, offers to sell, and/or sells within the United States, including the state of Texas and the judicial district, products, including, but not limited to, AVMs for real estate appraisal.

4. On information and belief, defendant Interthinx is a California corporation with its principal place of business at 30005 Ladyface Court, Agoura Hills, California 91301. Defendant Interthinx makes, imports, uses, offers to sell, and/or sells within the United States, including the state of Texas and the judicial district, products, including, but not limited to, AVMs for real estate appraisal.

5. On information and belief, defendant LPS is a Delaware corporation with its principal place of business at 601 Riverside Avenue, Jacksonville, Florida 32204. On information and belief, LPS has offices in Houston, Texas, and is doing business in the Eastern District and elsewhere in the State of Texas. Defendant LPS makes, imports, uses, offers to sell, and/or sells within the United States, including the state of Texas and the judicial district, products, including, but not limited to, AVMs for real estate appraisal.

6.     On information and belief, defendant Precision Appraisal is a New Jersey corporation with its principal place of business at 1201 Rt. 37 East, Suite 6, Toms River, New Jersey 08753.  Defendant Precision Appraisal makes, imports, uses, offers to sell, and/or sells within the United States, including the state of Texas and the judicial district, products, including, but not limited to, AVMs for real estate appraisal.

7.     On information and belief, defendant RDI is a Texas corporation having its principal place of business at 16420 Park Ten Place, Suite 200-C, Houston, Texas 77084, and doing business in the Eastern District and elsewhere in the State of Texas.  Defendant RDI makes, imports, uses, offers to sell, and/or sells within the United States, including the state of Texas and the judicial district, products, including, but not limited to, AVMs for real estate appraisal.

8.     On information and belief, defendant RealEC is a Delaware corporation having its principal place of business at 9800 Richmond Avenue #100, Houston, Texas, and doing business in the Eastern District and elsewhere in the State of Texas.  Defendant RealEC is the direct or indirect subsidiary or affiliate of Defendant LPS.  Defendant RealEC makes, imports, uses, offers to sell, and/or sells within the United States, including the state of Texas and the judicial district, products, including, but not limited to, AVMs for real estate appraisal.

9.     On information and belief, defendant Zillow is a Washington corporation with its principal place of business at 999 Third Avenue, Suite 4600, Seattle, Washington 98104.  Defendant Zillow makes, imports, uses, offers to sell, and/or sells within the United States, including the State of Texas and the judicial district, products, including, but not limited to, AVMs for real estate appraisal.

## JURISDICTION AND VENUE

10. This infringement action arises under the patent laws of the United States, Title 35, United States Code. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

11. Upon information and belief, this Court has personal jurisdiction over the defendants because defendants have conducted—and continue to conduct—business on a systematic and continuous basis within the United States, including the State of Texas and this judicial district.

12. Defendants have minimum contacts with the Eastern District of Texas such that this venue is fair and reasonable. On information and belief, Defendants have committed purposeful acts or transactions in the State of Texas such that they reasonably knew and expected that they could be brought into a Texas court as a consequence of such activity. Further, on information and belief, Defendants have committed acts of infringement in the Eastern District of Texas.

13. Upon information and belief, venue is proper in the Court pursuant to 28 U.S.C. § 1391(b) and (c) and § 1400 as the defendants are subject to personal jurisdiction in this district.

## GENERAL ALLEGATIONS

14. CoreLogic refers to and incorporates its responses to the allegations of paragraphs 1-13 above.

15. CoreLogic is the assignee and owner of all rights, title, and interest in U.S. Patent No. 5,361,201 (the "'201 Patent"), entitled "Real Estate Appraisal Using Predictive Modeling." The '201 Patent was duly and legally issued on November 1, 1994, by the United States Patent and Trademark Office. A copy of the '201 Patent is attached hereto as Exhibit A.

## COUNT ONE

### (FISERV'S INFRINGEMENT OF THE '201 PATENT)

16. Each of the foregoing paragraphs is incorporated by reference.

17. On information and belief, Fiserv manufactures, offers for sale, sells, uses or induces the same, systems falling within the scope of one or more of the claims of the '201 Patent, including, but not limited to, CASA® AVM and ValuServ.  As a result, Fiserv has infringed, literally and/or by equivalents, continues to infringe, and/or threatens infringement of one or more of the claims of the '201 Patent as defined by 35 U.S.C. § 271.  Plaintiff has suffered damage by reason of Fiserv's infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.  On information and belief, Fiserv is contributing to and/or inducing the infringement of one or more claims of the '201 Patent by offering to sell and selling its systems, including, but not limited to, the current and preceding versions of CASA® and ValuServ, to customers, buyers, sellers, users and others that directly infringe the '201 Patent.

18. On information and belief, Fiserv is aware of the existence of the '201 Patent and, despite such knowledge, continues to willfully, wantonly and deliberately engage in acts of infringement, as that term is defined in 35 U.S.C. § 271, without regard to the '201 Patent.

19. Plaintiff believes that Fiserv will continue to infringe the '201 Patent unless enjoined by this Court.  Such infringing activity causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

## COUNT TWO

### (INTELLIREAL'S INFRINGEMENT OF THE '201 PATENT)

20. Each of the foregoing paragraphs is incorporated by reference.

21. On information and belief, IntelliReal manufactures, offers for sale, sells, uses or induces the same, systems falling within the scope of one or more of the claims of the '201 Patent, including, but not limited to, iAVM™. As a result, IntelliReal has infringed, literally and/or by equivalents, continues to infringe, and/or threatens infringement of one or more of the claims of the '201 Patent as defined by 35 U.S.C. § 271. Plaintiff has suffered damage by reason of IntelliReal's infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct. On information and belief, IntelliReal is contributing to and/or inducing the infringement of one or more claims of the '201 Patent by offering to sell and selling its systems, including, but not limited to, the current and preceding versions of iAVM™, to customers, buyers, sellers, users and others that directly infringe the '201 Patent.

22. On information and belief, IntelliReal is aware of the existence of the '201 Patent and, despite such knowledge, continues to willfully, wantonly and deliberately engage in acts of infringement, as that term is defined in 35 U.S.C. § 271, without regard to the '201 Patent.

23. Plaintiff believes that IntelliReal will continue to infringe the '201 Patent unless enjoined by this Court. Such infringing activity causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

## COUNT THREE
### (INTERTHINX' INFRINGEMENT OF THE '201 PATENT)

24. Each of the foregoing paragraphs is incorporated by reference.

25. On information and belief, Interthinx manufactures, offers for sale, sells, uses or induces the same, systems falling within the scope of one or more of the claims of the '201 Patent, including, but not limited to, Clear VALUE® AVM. As a result, Interthinx has infringed, literally and/or by equivalents, continues to infringe, and/or threatens infringement of

one or more of the claims of the '201 Patent as defined by 35 U.S.C. § 271.  Plaintiff has suffered damage by reason of Interthinx' infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.  On information and belief, Interthinx is contributing to and/or inducing the infringement of one or more claims of the '201 Patent by offering to sell and selling its systems, including, but not limited to, the current and preceding versions of Clear VALUE® AVM, to customers, buyers, sellers, users and others that directly infringe the '201 Patent.

26.  On information and belief, Interthinx is aware of the existence of the '201 Patent and, despite such knowledge, continues to willfully, wantonly and deliberately engage in acts of infringement, as that term is defined in 35 U.S.C. § 271, without regard to the '201 Patent.

27.  Plaintiff believes that Interthinx will continue to infringe the '201 Patent unless enjoined by this Court.  Such infringing activity causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

## COUNT FOUR
### (LPS' INFRINGEMENT OF THE '201 PATENT)

28.  Each of the foregoing paragraphs is incorporated by reference.

29.  On information and belief, LPS manufactures, offers for sale, sells, uses or induces the same, systems falling within the scope of one or more of the claims of the '201 Patent, including, but not limited to, LPS AVM Connect™, ValueSure™ and SiteXValue™ AVMs.  As a result, LPS has infringed, literally and/or by equivalents,  continues to infringe, and/or threatens infringement of one or more of the claims of the '201 Patent as defined by 35 U.S.C. § 271.  Plaintiff has suffered damage by reason of LPS' infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.  On information and belief, LPS is contributing to and/or inducing the infringement of one or more claims of the '201

Patent by offering to sell and selling its systems, including, but not limited to, the current and preceding versions of LPS AVM Connect™, ValueSure™ and SiteXValue™, to customers, buyers, sellers, users and others that directly infringe the '201 Patent.

30. On information and belief, LPS is aware of the existence of the '201 Patent and, despite such knowledge, continues to willfully, wantonly and deliberately engage in acts of infringement, as that term is defined in 35 U.S.C. § 271, without regard to the '201 Patent.

31. Plaintiff believes that LPS will continue to infringe the '201 Patent unless enjoined by this Court. Such infringing activity causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

## COUNT FIVE

### (PRECISION APPRAISAL'S INFRINGEMENT OF THE '201 PATENT)

32. Each of the foregoing paragraphs is incorporated by reference.

33. On information and belief, Precision Appraisal offers for sale, sells, uses or induces the same, systems falling within the scope of one or more of the claims of the '201 Patent, including, but not limited to, CASA® and ValueSure™ AVMs. As a result, Precision Appraisal has infringed, literally and/or by equivalents, continues to infringe, and/or threatens infringement of one or more of the claims of the '201 Patent as defined by 35 U.S.C. § 271. Plaintiff has suffered damage by reason of Precision Appraisal's infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct. On information and belief, Precision Appraisal is contributing to and/or inducing the infringement of one or more claims of the '201 Patent by offering to sell and selling its systems, including, but not limited to, the current and preceding versions of CASA® and ValueSure™, to customers, buyers, sellers, users and others that directly infringe the '201 Patent.

34.     On information and belief, Precision Appraisal is aware of the existence of the '201 Patent and, despite such knowledge, continues to willfully, wantonly and deliberately engage in acts of infringement, as that term is defined in 35 U.S.C. § 271, without regard to the '201 Patent.

35.     Plaintiff believes that Precision Appraisal will continue to infringe the '201 Patent unless enjoined by this Court.  Such infringing activity causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

## COUNT SIX
### (RDI'S INFRINGEMENT OF THE '201 PATENT)

36.     Each of the foregoing paragraphs is incorporated by reference.

37.     On information and belief, RDI manufactures, offers for sale, sells, uses or induces the same, systems falling within the scope of one or more of the claims of the '201 Patent, including, but not limited to, the RDI AVM.  As a result, RDI has infringed, literally and/or by equivalents, continues to infringe, and/or threatens infringement of one or more of the claims of the '201 Patent as defined by 35 U.S.C. § 271.  Plaintiff has suffered damage by reason of Precision Appraisal's infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.  On information and belief, RDI is contributing to and/or inducing the infringement of one or more claims of the '201 Patent by offering to sell and selling its systems, including, but not limited to, the current and preceding versions of the RDI AVM, to customers, buyers, sellers, users and others that directly infringe the '201 Patent.

38.     On information and belief, RDI is aware of the existence of the '201 Patent and, despite such knowledge, continues to willfully, wantonly and deliberately engage in acts of infringement, as that term is defined in 35 U.S.C. § 271, without regard to the '201 Patent.

39. Plaintiff believes that RDI will continue to infringe the '201 Patent unless enjoined by this Court. Such infringing activity causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

## **COUNT SEVEN**

### **(REALEC'S INFRINGEMENT OF THE '201 PATENT)**

40. Each of the foregoing paragraphs is incorporated by reference.

41. On information and belief, RealEC offers for sale, sells, uses or induces the same, systems falling within the scope of one or more of the claims of the '201 Patent, including, but not limited to, CASA® and SiteXValue™. As a result, RealEC has infringed, literally and/or by equivalents, continues to infringe, and/or threatens infringement of one or more of the claims of the '201 Patent as defined by 35 U.S.C. § 271. Plaintiff has suffered damage by reason of RealEC's infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct. On information and belief, RealEC is contributing to and/or inducing the infringement of one or more claims of the '201 Patent by offering to sell and selling its systems, including, but not limited to, the current and preceding versions of CASA® and SiteXValue™, to customers, buyers, sellers, users and others that directly infringe the '201 Patent.

42. On information and belief, RealEC is aware of the existence of the '201 Patent and, despite such knowledge, continues to willfully, wantonly and deliberately engage in acts of infringement, as that term is defined in 35 U.S.C. § 271, without regard to the '201 Patent.

43. Plaintiff believes that RealEC will continue to infringe the '201 Patent unless enjoined by this Court. Such infringing activity causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

## COUNT EIGHT

### (ZILLOW'S INFRINGEMENT OF THE '201 PATENT)

44. Each of the foregoing paragraphs is incorporated by reference.

45. On information and belief, Zillow manufactures, offers for sale, sells, uses or induces the same, systems falling within the scope of one or more of the claims of the '201 Patent, including, but not limited to, Zillow.com. As a result, Zillow has infringed, literally and/or by equivalents, continues to infringe, and/or threatens infringement of one or more of the claims of the '201 Patent as defined by 35 U.S.C. § 271. Plaintiff has suffered damage by reason of Zillow's infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct. On information and belief, Zillow is contributing to and/or inducing the infringement of one or more claims of the '201 Patent by offering to sell and selling its systems, including, but not limited to, the current and preceding versions of Zillow.com, to customers, buyers, sellers, users and others that directly infringe the '201 Patent.

46. On information and belief, Zillow is aware of the existence of the '201 Patent and, despite such knowledge, continues to willfully, wantonly and deliberately engage in acts of infringement, as that term is defined in 35 U.S.C. § 271, without regard to the '201 Patent.

47. Plaintiff believes that Zillow will continue to infringe the '201 Patent unless enjoined by this Court. Such infringing activity causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff CoreLogic hereby demands a trial by jury on this action.

**PRAYER FOR RELIEF**

WHEREFORE, CoreLogic respectfully requests that this Court enter judgment in its favor and against defendants and grant the following relief:

A. Judgment that one or more of the claims of the '201 Patent have been infringed, either directly, contributorily, and/or by inducement, either literally and/or under the doctrine of equivalents, by Defendants;

B. Judgment awarding damages adequate to compensate CoreLogic for its profits lost, but not less than a reasonable royalty, for the infringement of the '201 by Defendants, including treble damages, costs, and all other categories of damages allowed by 35 U.S.C. § 284;

C. Judgment that infringement is willful;

D. Judgment that this is an "exceptional case" and awarding Plaintiff its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;

E. Permanent injunctive relief enjoining Defendants, their employees, agents, affiliates and all other persons in active concert or participation with them as follows:

  (i) from using, manufacturing, offering to sell or selling any products falling within the scope of the claims of the '201 Patent;

  (ii) from actively inducing others to infringe any of the claims of the '201 Patent;

  (iii) from engaging in acts constituting contributory infringement of any of the claims of the '201 patent;

  (iv) from all other acts of infringement of any of the claims of the '201 Patent; and

F. Further such other and further relief as this Court deems just and proper under the circumstances.

Dated: April 16, 2010    Respectfully submitted by,

/s/ Eric H. Findlay
Eric H. Findlay
Texas Bar No. 00789886
Brian Craft
Texas Bar No. 04972020
Findlay Craft LLP
6760 Old Jacksonville Hwy, Ste. 101
Tyler, TX 75703
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com
Tel: (903)534-1100
Fax: (903)534-1137

Fabio Marino
Neel I. Chatterjee
ORRICK, HERRINGTON & SUTCLIFFE
1000 Marsh Road
Menlo Park, CA 94025
Email: fmarino@orrick.com
Email: nchatterjee@orrick.com
Tel: (650) 614-7658
Fax: (650) 614-7401

Attorneys for Plaintiff
FIRST AMERICAN CORELOGIC, INC.