IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FIRST AMERICAN CORELOGIC, INC., <br><br> Plaintiff, <br><br> v. <br><br> FISERV, INC., <br> INTELLIREAL, LLC, <br> INTERTHINX, INC., <br> LENDER PROCESSING SERVICES, INC., <br> PRECISION APPRAISAL SERVICES, INC., <br> REAL DATA, INC., <br> REALEC TECHNOLOGIES, INC., <br> ZILLOW, INC., <br> AMERICAN FLOOD RESEARCH, INC., <br> ELECTRONIC APPRAISER, INC., <br> ESPIEL, INC., <br><br> Defendants. | CIVIL ACTION NO. 2:10-CV-132-TJW <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S OPPOSED MOTION TO RECLAIM CERTAIN PRIVILEGED
DOCUMENTS FILED UNDER SEAL AND SUBMITTING FOR IN CAMERA REVIEW**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1

II. FACTS ............................................................................................................................... 1

III. ARGUMENT ..................................................................................................................... 2

    A. Plaintiff Took Reasonable Precautions To Prevent Disclosure ............................. 3

    B. Plaintiff Acted Quickly To Remedy The Error ...................................................... 4

    C. Plaintiff Recognized That The Documents Were Privileged And
       Represented As Such .............................................................................................. 5

    D. Disclosure Of Privileged Information Was Minimal ............................................. 5

    E. The Overriding Issue Of Fairness Warrants A Finding That Privilege Has
       Not Been Waived .................................................................................................... 6

        1. Still Early In The Case For Contractual Safeguards ................................. 6

        2. LPS Is The Only Defendant Who Opposes This Motion .......................... 6

IV. CONCLUSION .................................................................................................................. 7

## TABLE OF AUTHORITIES

**Page**

### FEDERAL CASES

*Alldread v. City of Grenada*,
   988 F.2d 1425 (5th Cir. 1993) ...................................................................................3

*Hartford Fire Ins. Co. v. Garvey*,
   109 F.R.D. 323 (N.D. Cal. 1985)...............................................................................3

### FEDERAL STATUTES

Fed. R. Evid. 502(b)..........................................................................................................3

Fed. R. Evid. 502(e)..........................................................................................................6

### MISCELLANEOUS

Local Rule CV-5(a)(3).....................................................................................................9

I.  **INTRODUCTION**

Plaintiff First American CoreLogic, Inc. ("Plaintiff") brings this motion to protect the privileged content of certain documents inadvertently filed under seal in support of its Motion for Protective Order. From the outset, these documents were expressly characterized as privileged and were intended only for *in camera* review during the Court's consideration of Plaintiff's Motion for Protective Order. None of the Defendants oppose this motion except Defendant Lender Processing Services, Inc. ("LPS"), the same party from whom Plaintiff seeks the Protective Order. Plaintiff respectfully requests that this Court grants Plaintiff's request to reclaim these documents from the Court's files under seal so that they may be lodged with the Court for *in camera* review.

II. **FACTS**

On August 6, 2010, Plaintiff inadvertently filed under seal seven privileged documents in support of its Motion for Protective Order. Dkt. No. 75; Declaration of Barrington Dyer in Support of Plaintiff's Opposed Motion to Reclaim Certain Privileged Documents Filed Under Seal and Submitting for In Camera Review ("Dyer Decl. II"), ¶ 3. The seven documents include Exhibits 1 through 6 ("the Exhibits") and the Declaration of Barrington Dyer in Support of Plaintiff's Motion for Protective Order ("Dyer Decl."), which were intended to be lodged with the court for *in camera* review. Dkt. No. 76; Dyer Decl. II, ¶ 3. The Exhibits are examples of email correspondence between Plaintiff's in-house counsel and Plaintiff's former employee, Robert Walker, which show that Mr. Walker was privy to privileged communications concerning the pre-filing investigation of this lawsuit during his employment with Plaintiff. *See* Dkt No. 75 at 4, 11. In conjunction with the Exhibits, as a courtesy to the Court, Plaintiff submitted the Dyer

Declaration to provide some context for each of the exhibits. Although inadvertently filed under seal, these documents were expressly represented as confidential and privileged. *Id.*

Plaintiff did not learn of this filing error until August 23, 2010 when Defendant Lender Processing Services, Inc. ("LPS") claimed that Plaintiff waived privilege as to these documents in its Response in Opposition to Plaintiff's Motion for Protective Order. Dkt No. 78; Dyer Decl. II, ¶ 4. Subsequently, on August 26, 2010, Plaintiff sent letters to each of the parties served with these documents informing them that service was inadvertent, that Plaintiff had not intended to waive any privileged content, and requesting they destroy any copies of these documents— pursuant to rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. *See* Dkt No. 83, Ex. B; Dyer Decl. II, ¶ 5. All the Defendants, including LPS, complied with this request and provided confirmation that the privileged documents had been destroyed. Dyer Decl. II, ¶ 5.

### III.   ARGUMENT

The circumstances surrounding the inadvertent disclosure and the overriding issues of fairness warrant a finding that no privilege has been waived as to the content and subject matter of the Exhibits and Dyer Declaration. Under rule 502(b) of the Federal Rules of Evidence, an inadvertent disclosure of privileged material does not constitute a waiver of privilege. The Fifth circuit considers the following factors in determining whether disclosure of privileged information was inadvertent:

(1) the reasonableness of precautions taken to prevent disclosure;

(2) the amount of time taken to remedy the error;

(3) the scope of discovery;

(4) the extent of the disclosure; and

(5) the overriding issue of fairness.

*Alldread v. City of Grenada*, 988 F. 2d 1425, 1433 (5th Cir. 1993) (citing *Hartford Fire Ins. Co. v. Garvey*, 109 F.R.D 323 (N.D. Cal. 1985); *see also* FED. R. EVID. 502(b) advisory committee's note.

### A. Plaintiff Took Reasonable Precautions To Prevent Disclosure

Although intended only for *in camera* review, the supporting documents were filed under seal and were not viewable by the public. By virtue of being filed under seal, counsel for LPS and the other defendants were on notice that the Exhibits and Dyer Declaration at least contained highly confidential information. *See* Dkt. No. 76. More importantly, as LPS even admits, these documents were clearly represented as confidential and privileged in the coinciding Motion for Protective Order.[1] When referring to the Exhibits and Dyer Declaration, the Motion states "All of these emails were directed to, or received from, Mr. Tabaddor, CoreLogic's in-house counsel, and are intended to remain confidential and privileged." Dkt No. 75 at 11. LPS and the other Defendants were thus aware of the confidential and privileged nature of these documents.

Moreover, the Exhibits were provided as mere examples of privileged email communications between Plaintiff's in-house counsel and Plaintiff's former employee, Robert Walker, to show that Mr. Walker was privy to Plaintiff's confidential and privileged information concerning this impending lawsuit. *Id*. As these exhibits were merely submitted as examples to the Court, Plaintiff took caution to provide only excerpts from email-chains, and not entire email-chains. *See* Dkt No. 76, Ex. 1-6. For this reason, the Dyer Declaration was provided to give some context for each of the Exhibits. *See* Dkt No. 76, Dyer Decl., ¶¶ 1-6. Likewise,

---

[1] LPS admits in its Response in Opposition to Plaintiff's Motion for Protective Order that "CoreLogic chose to attach Exhibits 1-6 to its Motion, —expressly characterizing these documents as 'confidential and privileged'…" Dkt No. 78 at 7. Likewise, counsel for LPS, Jeffrey Johnson attests to the fact that "on, August 6, 2010, CoreLogic filed its motion and attached several exhibits, including Exhibits 1-6, which it claims are attorney-client privileged communications among CoreLogic's in-house counsel, Robert Walker and others." Dkt No. 78, Declaration of Jeffrey L. Johnson, ¶ 11 ("Johnson Decl.").

Plaintiff took caution not to disclose the substance of the example emails in the Motion for Protective Order. *See* Dkt No. 75. This was purposefully done to protect the confidentiality and privilege of this information.

### B. Plaintiff Acted Quickly To Remedy The Error

Plaintiff took immediate and systematic steps to remedy the error since its discovery. Plaintiff filed the Exhibits and Dyer Declaration with its Motion for Protective Order on August 6, 2010. *Id.* It was not until August 23, 2010, when LPS served its Response in Opposition to Plaintiff's Motion for Protective Order ("Opposition Brief") that Plaintiff learned of the filing error. Dkt No. 78; Dyer Decl. II, ¶ 4. Subsequently, on August 26, 2010, Plaintiff sent letters via email to each of the parties served with these documents informing them that service was inadvertent, that Plaintiff had not intended to waive any privileged content, and requesting they destroy any copies of these documents—consistent with rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. *See* Dkt No. 83, Ex. B; Dyer Decl. II, ¶ 5. All the parties complied with the request, including LPS, and provided confirmation that the inadvertently served documents had been destroyed. Dyer Decl. II, ¶ 5.

Plaintiff then addressed LPS's waiver allegations on September 2, 2010 in its Reply Brief to LPS's Opposition Brief. *See* Dkt No. 83. Thereafter, as noted in Plaintiff's Reply Brief, Plaintiff sought to meet an confer with counsel for each of the defendants to discuss the subject of this motion. *Id.* at 3. By September 15, 2010, all the Defendants, except LPS, confirmed that they would not oppose this motion. Dyer Decl. II, ¶ 8. The following day, Jeffrey Johnson, counsel for LPS, left a voice message for Plaintiff's counsel stating that LPS would oppose this motion. Dyer Decl. II, ¶ 9. Plaintiff's counsel, Barrington Dyer, followed up with Mr. Johnson on September 17, 2010, and again on September 20, 2010, to arrange a meet and confer but Mr.

Johnson did not return Mr. Dyer's calls. Dyer Decl. II, ¶ 10. When counsel for LPS still did not respond to Plaintiff's requests for a meet and confer by September 24, 2010, Plaintiff decided it could wait no longer and filed this motion.

### C.  Plaintiff Recognized That The Documents Were Privileged And Represented As Such.

There is no issue as to whether Plaintiff recognized the Exhibits and Dyer Declaration contained confidential and privileged information. Plaintiff expressly represented the documents as being privileged in the accompanying Motion. *See* Dkt No. 75 at 11. The error was that the documents were filed under seal rather than lodged with the Court for *in camera* review. Dkt. No. 76; Dyer Decl. II, ¶ 3. This is supported by the fact that only the documents which contained privileged information were filed under seal. Two other declarations, and Exhibits 7-10 supporting Plaintiff's Motion for Protective Order were intentionally filed without protections because they did not contain confidential and privileged information.[2]

### D.  Disclosure Of Privileged Information Was Minimal

Because the documents at issue were filed under seal, the extent of the disclosure was minimal. None of these documents have become part of the public record, and only outside counsel served with these documents had access to them. As noted above, the Exhibits were merely provided as examples of privileged communications between Plaintiff's in-house counsel and Mr. Walker. *See* Dkt No. 75 at 4, 11. More importantly, the Exhibits only contain excerpts from email-chains and not the entire email-chains, therefore there was never full disclosure of the communication. *See* Dkt No. 76, Ex. 1-6.

---

[2] *See* Dkt No. 75, Declaration of Rouzbeh Tabaddor in Support of Plaintiff's Motion for Protective Order; Dkt No. 75; Declaration of Thomas Gray in Support of Plaintiff's Motion for Protective Order ("Grey Decl."); Dkt No. 75, Ex. 7-10.

5

### E. The Overriding Issue Of Fairness Warrants A Finding That Privilege Has Not Been Waived

#### 1. Still Early In The Case For Contractual Safeguards

This litigation is still in its infancy and the parties have not had an opportunity to enter into any contractual safeguards such as a "claw back" agreement pursuant to Rule 502(e) of the Federal Rules of Evidence. Even the model Eastern District of Texas Protective Order contains a "No Waiver Privilege" which would operate in the given instance had the parties already agreed to it. Plaintiff anticipates that the parties will agree and implement such safeguards around the time of the case management conference. Until then, Plaintiff must seek the Court's aid for protection that would otherwise be agreed upon by the parties.

#### 2. LPS Is The Only Defendant Who Opposes This Motion

Of all the Defendants in this case, only LPS opposes this motion. This scenario, however, is nothing new. Plaintiff has already had to sue LPS and two of its employees in California regarding LPS's misuse of Plaintiff's confidential trade secret information and the wrongful hiring of Plaintiff's employees. *See* Dkt No. 83, Ex. A. In addition, in this case, Plaintiff provided LPS a standard Eastern District of Texas Protective Order with some additional protections to safeguard Plaintiff's privileged information. Dkt No. 75, Grey Decl., ¶¶ 9 and 10. LPS, however, rejected Plaintiff's proposed Protective Order without so much as proposing an amendment. Dkt No. 78, Johnson Decl., ¶ 4 and 5. Had LPS been willing to negotiate a Protective Order, Plaintiffs would not have needed the Court's protection to begin with. In addition, even thought it clearly recognized that the seven documents contained privileged information, LPS did not immediately notify Plaintiff of the obvious inadvertent disclosure of the seven documents. Rather, LPS strategically waited and used the information in its opposition brief to the motion for protective order, in an effort to gain a litigation advantage

over Plaintiff through Plaintiff's inadvertent disclosure. Worse yet, LPS now opposes this motion, which merely seeks to remove the seven documents in question from the Court's files and lodge them for *in camera* review with respect to Plaintiff's Motion for Protective Order. Through this inadvertent disclosure, which was limited in duration and scope, LPS now hopes to destroy Plaintiff's attorney-client privileged and work product protections. The Court should not countenance such sharp practice.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court permit Plaintiff to reclaim Exhibits 1 through 6 and the Dyer Declaration, so that they may be lodged with the Court for *in camera* review while the Court considers Plaintiff's Motion for Protective Order.

Date: September 24, 2010

Respectfully submitted,

By: */s/ Brian Craft*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
(903) 534-1100 - telephone
(903) 534-1137 - fax
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Fabio Marino
Neel I. Chatterjee
ORRICK, HERRINGTON & SUTCLIFFE

       1000 Marsh Road
       Menlo Park, CA 94025
       Email:  fmarino@orrick.com
       Email:  nchatterjee@orrick.com
       Tel:  (650) 614-7658
       Fax: (650) 614-7401

*Attorneys for Plaintiff*
FIRST AMERICAN CORELOGIC, INC.

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 24th day of September 2010.

       By: */s/ Brian Craft*
           Brian Craft

### CERTIFICATE OF CONFERENCE

On September 7, 2010 Barrington Dyer for Plaintiff contacted counsel for each of the Defendants via email requesting confirmation by September 10, 2010 as to whether Defendants intended to oppose this motion. Subsequent communications were held between Mr. Dyer and counsel for the Defendants on September 14, 2010, and September 15, 2010. Counsel for LPS, however, was not reachable.  On September 16, 2010, Jeffrey Johnson for LPS left Mr. Dyer a voice message indicating that LPS intended to oppose this motion.  Mr. Dyer followed up with Mr. Johnson on September 17, 2010 and again on September 20, 2010 to arrange a meet and

confer but Mr. Johnson did not return Mr. Dyer's calls. Only Defendant LPS opposes this motion. The matter is now open for the Court to resolve.

               */s/ Barrington Dyer*
               Barrington Dyer

OHS West:260982657.9