IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| CORELOGIC INFORMATION SOLUTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FISERV, INC.; INTERTHINX, INC., LENDER PROCESSING SERVICES, INC., REAL DATA, INC., REALEC TECHNOLOGIES, INC., ZILLOW, INC., AMERICAN FLOOD RESEARCH, INC., ELECTRONIC APPRAISER, INC., ESPIEL, INC.<br><br>Defendants. | CIVIL ACTION NO.  10-cv-132-DF<br><br>**JURY TRIAL DEMANDED** |

## JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

Pursuant to Patent Rule 4-3, and in accordance with the Court's Docket Control Order (Dkt. No. 109), Plaintiff CoreLogic Information Solutions, Inc. ("CoreLogic") and Defendants Fiserv, Inc., Interthinx, Inc., Lender Processing Services, Inc., RealEC Technologies, Inc., Espiel, Inc., Zillow, Inc., and American Flood Research, Inc. (collectively "Defendants") hereby submit this Joint Claim Construction and Prehearing Statement identifying claim terms, phrases or clauses of U.S. Patent No. 5,361,201 ("the '201 patent") that the parties request the Court to construe.

**A.   Claim Terms, Phrases, and Clauses that May Require Construction**

Of the terms proposed for construction, the parties have reached agreement as to the function of the claim phrases that the parties agree are means-plus-function phrases governed by 35 U.S.C. § 112, paragraph 6 (*i.e.* the parties agree as to function but disagree as to structure).

1

The remaining terms are in dispute. In addition, the parties disagree on the number of claim terms to be construed. CoreLogic believes that only the first seven terms (terms 1-7) may require construction. Defendants contend that thirteen terms (terms 1-13) require the Court's assistance to construe them.

Exhibit A attached hereto identifies the disputed claim terms, phrases, or clauses, together with an identification of all references from the intrinsic record, as well as any extrinsic evidence, that each party believes supports its proposed construction. The parties reserve their respective rights to rely on anything in the intrinsic record at any time, whether or not specifically identified herein. Further, Defendants have proposed construction of claim terms that appear in the preamble of a number of claims. Whether or not CoreLogic has herein proposed a construction for such preamble terms, nothing in this document indicates CoreLogic's position on whether such preamble terms are limiting, and CoreLogic reserves its right to argue that any such term is or is not limiting, including that any such term does not breathe life or meaning into a claim.

B.    **Anticipated Length of Claim Construction Hearing**

Plaintiff CoreLogic anticipates that the hearing will take no longer than three hours, divided equally between sides. Defendants anticipate that the Claim Construction Hearing will take no longer than four hours, divided equally between sides.

C.    **Witnesses for Claim Construction Hearing**

Plaintiff CoreLogic believes that no live testimony is needed at the Claim Construction Hearing, but if the Court is inclined to hear live testimony at the hearing, CoreLogic reserves the right to call as a witness Clifford A. Lipscomb, Ph.D. or Ingemar Hulthage, Ph.D. CoreLogic

also reserves right to submit written testimony from Dr. Lipscomb or Dr. Hulthage to rebut written testimony from Defendants' expert witness.

Defendants object to CoreLogic's expert disclosures as untimely. Defendants were informed of CoreLogic's intent to disclose expert witnesses Clifford A. Lipscomb, Ph.D. or Ingemar Hulthage, Ph.D. on the date the parties' Patent Rule 4-3 Joint Claim Construction Statement was due to be filed with the Court. CoreLogic was required to disclose its intent to use expert witnesses with its Patent Rule 4-2 Preliminary Claim Constructions and Extrinsic Evidence disclosures that were exchanged by the parties on November 11, 2011. Defendants therefore object to this disclosure as untimely and further reserve their right to rebut any testimony provided by CoreLogic's expert witnesses with Defendants' expert witness.

The parties propose that written expert disclosures on claim construction issues, if any, should take the form of declarations filed and served with Defendants' opposition brief and that Plaintiff's reply brief.

Defendants may submit written testimony from, and potentially call as a witness, Mr. Peter M. Martin, M.S. as an expert witness at the Claim Construction Hearing. Mr. Martin may offer testimony regarding 1) the level of ordinary skill in the art relevant to the '201 patent, 2) the relevant technology and how skilled artisans would understand the disputed claim terms and phrases in light of the specification and statements made by the applicant to the U.S. Patent Office during prosecution of the '201 patent, and 3) the meaning of the disputed claim terms and phrases as understood by one of ordinary skill in the art at the time of filing the '201 patent; and 4) the structure, if any, described in the specification of the '201 patent as performing the functions recited in claim limitations governed by 35 U.S.C. § 112 ¶ 6. Mr. Martin may also offer testimony that the intrinsic and extrinsic evidence cited in Defendants' proposed

constructions is consistent with and supportive of their proposed constructions, as well as the meaning of the evidence and an explanation of the prior art cited in the prosecution history. Mr. Martin may also offer testimony to rebut extrinsic evidence offered by Plaintiff CoreLogic.

Mr. Martin's testimony may include, but is not limited to, testimony regarding the structure and function of the system for providing real estate appraisal values using predictive modeling as taught in the '201 patent. A copy of Mr. Martin's *curriculum vitae* is attached as Exhibit B.

To the extent Defendants' expert witness provides testimony as to a claim construction issue, Plaintiff asserts that Dr. Lipscomb or Dr. Hulthage may also provide testimony as to that claim construction issue. A copy of Dr. Lipscomb's *curriculum vitae* is attached as Exhibit C and Dr. Hulthage's *curriculum vitae* is attached as Exhibit D. Defendants object to Plaintiff's untimely disclosure of expert witnesses as discussed above.

**D.**     **Other Issues to be Addressed at the Claim Construction Hearing**

CoreLogic and Defendants agree that each side may submit a tutorial to the Court explaining the technology of the '201 patent prior to or at the Claim Construction Hearing, and to the extent that the Court would like to set a date and time for presenting tutorials, the parties are amenable to doing so at the Court's convenience. The parties do not believe there are any issues that need to be addressed at a prehearing conference.

In addition, there are or may be several outstanding motions and requests for leave to file summary judgment. Time permitting, Defendants would like to address resolution of those motions or a timetable and procedure for doing so, as well as any other housekeeping or scheduling matters that may be ripe for discussion. Other than that, the parties do not believe

that there are any other issues to be addressed at the Claim Construction Hearing that is currently set for 9:00 a.m. on March 7, 2012.

Dated: November 8, 2011          Respectfully submitted by,

/s/ *Fabio E. Marino*
Fabio E. Marino (*Admitted Pro Hac Vice*)
I. Neel Chatterjee (*Admitted Pro Hac Vice*)
Judith S.H. Hom (*Admitted Pro Hac Vice*)
Barrington Dyer (*Admitted Pro Hac Vice)*
ORRICK, HERRINGTON & SUTCLIFFE
1000 Marsh Road
Menlo Park, CA 94025
Email:  fmarino@orrick.com
Email:  nchatterjee@orrick.com
Email:  jhom@orrick.com
Tel:    (650) 614-7658
Fax:   (650) 614-7401

Eric H. Findlay (Texas Bar No. 00789886)
Brian Craft (Texas Bar No. 04972020)
Findlay & Craft LLP
6760 Old Jacksonville Hwy, Ste. 101
Tyler, TX 75703
Email:  efindlay@findlaycraft.com
Email:  bcraft@findlaycraft.com
Tel:   (903) 534-1100
Fax:   (903) 534-1137

Attorneys for Plaintiff
CORELOGIC INFORMATION SOLUTIONS, INC.

Dated: November 8, 2011

Respectfully submitted by,

/s/ *Michael E. Jones w/permission by Fabio Marino*
Michael E. Jones (*Texas Bar No. 10929400*)
Allen F. Gardner (*Texas Bar No. 24043679*)
POTTER MINTON PC
110 North College, Ste. 500
Tyler, TX 75702
Email:  mikejones@potterminton.com
Email:  allengardner@potterminton.com
Tel:   (903) 597-8311
Fax:   (903) 593-0846

David A. Jakopin (*Admitted Pro Hac Vice*)
Matthew W. Hindman (*Admitted Pro Hac Vice*)
PILLSBURY WINTHROP SHAW PITTMAN
2475 Hanover Street
Palo Alto, CA 94304-1114
Tel:   (650) 233-4500
Fax:   (650) 233-4545

Attorneys for Defendants
LENDER PROCESSING SERVICES, INC., ESPIEL, INC., REAL DATA, INC., and REALEC TECHNOLOGIES, INC.

Dated: November 8, 2011          Respectfully submitted by,

/s/ *Stevan R. Stark w/permission by Fabio Marino*
*Stevan R. Stark* (*WA Bar No. 39639*)
Ramsey M. Al-Salam (*WA Bar No. 18822*)
PERKINS COIE LLP
1201 Third Avenue, Ste. 4800
Seattle, WA 98101
Email: sstark@perkinscoie.com
Email: ralsalam@perkinscoie.com
Tel: (206) 359-6385
Fax: (206) 359-7385

Michael E. Jones (Texas Bar No. 10929400)
Allen F. Gardner (Texas Bar No. 24043679
POTTER MINTON PC
110 North College, Ste. 500
Tyler, TX 75702
Email: mikejones@potterminton.com
Email: allengardner@potterminton.com
Tel: (903) 597-8311
Fax: (903) 593-0846

Attorneys for Defendants
FISERV, INC., AMERICAN FLOOD
RESEARCH, INC. and ELECTRONIC
APPRAISER, INC.

Dated: November 8, 2011　　　　　　　　　Respectfully submitted by,

　　　　　　　　　　　　　　　　　　　　　　/s/ *John M. Pickett w/permission by Fabio Marino*
　　　　　　　　　　　　　　　　　　　　　　John M. Pickett (*State Bar No. 15980320*)
　　　　　　　　　　　　　　　　　　　　　　YOUNGPICKETT
　　　　　　　　　　　　　　　　　　　　　　4122 Texas Blvd.
　　　　　　　　　　　　　　　　　　　　　　Texarkana, TX 75503
　　　　　　　　　　　　　　　　　　　　　　Email:  jpickett@youngpickettlaw.com
　　　　　　　　　　　　　　　　　　　　　　Tel:    (903) 794-1303
　　　　　　　　　　　　　　　　　　　　　　Fax:   (903) 794-5098

　　　　　　　　　　　　　　　　　　　　　　Lee C. Bromberg
　　　　　　　　　　　　　　　　　　　　　　Erik P. Belt (*Admitted Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　　　MCCARTER & ENGLISH, LLP
　　　　　　　　　　　　　　　　　　　　　　265 Franklin Street
　　　　　　　　　　　　　　　　　　　　　　Boston, MA 02110
　　　　　　　　　　　　　　　　　　　　　　Email:  lbromberg@mccarter.com
　　　　　　　　　　　　　　　　　　　　　　Email:  ebelt@mccarter.com
　　　　　　　　　　　　　　　　　　　　　　Tel:    (617) 449-6500
　　　　　　　　　　　　　　　　　　　　　　Fax:   (617) 607-9200

　　　　　　　　　　　　　　　　　　　　　　Mark Nikolsky
　　　　　　　　　　　　　　　　　　　　　　Irene M. Hurtado
　　　　　　　　　　　　　　　　　　　　　　MCCARTER & ENGLISH, LLP
　　　　　　　　　　　　　　　　　　　　　　100 Mulberry Street
　　　　　　　　　　　　　　　　　　　　　　Newark, New Jersey 07102
　　　　　　　　　　　　　　　　　　　　　　Email:    mnikolsky@mccarter.com
　　　　　　　　　　　　　　　　　　　　　　Email:    ihurtado@mccarter.com
　　　　　　　　　　　　　　　　　　　　　　Tel:    (973) 622-4444
　　　　　　　　　　　　　　　　　　　　　　Fax:   (973) 624-7070

　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　INTERTHINX, INC.

Dated: November 8, 2011                    Respectfully submitted by,

/s/ *Jayson W. Sowers w/permission by Fabio Marino*
Jayson W. Sowers (*Admitted Pro Hac Vice*)
RIDDELL WILLIAMS P.S.
1001 Fourth Avenue, Ste. 4500
Seattle, WA 98154-1192
Email:  jsowers@riddlewilliams.com
Tel:    (206) 624-3600
Fax:    (206) 389-1708

Harry L. Gillam, Jr. (*State Bar No. 07921800*)
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Email:  gil@gillamsmithlaw.com
Tel:    (903) 934-8450
Fax:    (903) 934-9257

Attorneys for Defendant
ZILLOW, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 8, 2011.  Any other counsel of record will be served via First Class U.S. Mail on this same date.

>  */s/  Fabio E. Marino*
>  Fabio E. Marino

OHSWEST:261411727.5