**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CORELOGIC INFORMATION SOLUTIONS, INC. | § § § § § § § | Case No. 2:10-CV-132-RSP |
| v. | | |
| FISERV, INC., et al. | | |

### MEMORANDUM ORDER

Before the Court is Plaintiff CoreLogic Information Solutions, Inc.'s Motion to Strike Defendants' Amended Supplemental Invalidity Contentions (Dkt. No. 287). The Court heard argument on the motion at the pretrial conference held on September 6, 2012. Having considered the briefing and arguments of the parties, CoreLogic's motion is **GRANTED**.

### APPLICABLE LAW

The Court's Rules of Practice for Patent Cases require the parties to disclose their invalidity contentions relatively early in the case. *See* P.R. 3.3. Once a party's invalidity contentions are served, they are deemed that party's final invalidity contentions unless the party has a basis to amend or supplement its contentions that is permitted under the patent rules. P.R. 3-6(a). A party may amend or supplement its invalidity contentions as of right if (1) the party claiming patent infringement has amended its infringement contentions based upon the Court's claim construction ruling, or (2) the party "believes in good faith" that the Court's claim construction ruling requires the amendment. P.R. 3-6(a)(2). In all other instances, a party may amend its contentions only upon motion showing good cause. P.R. 3-6(b).

### DISCUSSION

Defendants served their Amended Supplemental Invalidity Contentions on May 1, 2012, just prior to the close of fact discovery on May 4. *See* Dkt. No. 287-3 and 243. Defendants state

that only five new invalidity charts have been provided in the amended contentions, which cover the Goldberg, Jensen, Borst, and Stockton prior art references. Dkt. No. 304 at 4.

Expressly relying on Patent Rule 3-6(a)(2), the amended invalidity contentions state that the amendments are "based upon the Court's Preliminary Claim Construction Order (Dkt. 237), dated March 9, 2012, and Plaintiff's apparent characterization of the Court's claim construction." Dkt. No. 287-3. However, Defendants have not shown what was unexpected in the Court's claim construction ruling that necessitated any of the amendments. Therefore, Patent Rule 3-6(a)(2) does not provide a basis for permitting Defendants' amendments. Despite not having an adequate basis to amend its contentions as of right, Defendants failed to timely and properly move for leave to amend its contentions under Patent Rule 3-6(b) – Defendants did not request leave to amend until their opposition to CoreLogic's instant motion to strike.

Even if Defendants had timely moved to amend their invalidity contentions, Defendants have failed to establish good cause for their late discovery and disclosure of the five newly charted prior art references. The Goldberg reference is admitted prior art that is cited on the face of the asserted patent. Defendants offer no explanation why this reference was not previously charted other than that Defendants did not expect the Court's claim construction to cover admitted prior art. Without an adequate explanation of what in particular was unexpected in the Court's claim construction ruling, Defendants have not justified their late disclosure.

Defendants argue that the Jensen reference was identified in its earlier invalidity contentions, but assert that the Jensen reference was not charted due to an oversight. However, the fact that Jensen was identified in their earlier contentions does not eliminate CoreLogic's prejudice. There are a number of references that are identified and not charted in Defendants' invalidity contentions, and in any event the mere identification of a reference does not meet the Patent Rules' requirement that Defendants identify "where specifically in each alleged item of

prior art each element of each asserted claim is found . . . ." P.R. 3-3(c). Moreover, Defendants have failed to explain the oversight, or explain why they did not seek to correct their oversight sooner.

Defendants argue that CoreLogic is not prejudiced by the late charting of the Borst reference. Defendants argue that CoreLogic met with Dr. Borst at the beginning of the litigation, that his prior art activities came up during the prosecution of the asserted patent, and that one of Borst's articles is cited on the face of the asserted patent. However, all of the reasons cited for why CoreLogic should have known of Borst apply equally well to Defendants, and yet Defendants fail to explain why they did not retain Borst as a non-testifying prior art expert well before February 2012. The fact that CoreLogic knew of Borst does not cure the prejudice resulting from Defendants' failure to disclose in detail their invalidity theories that are based upon the Borst prior art.

Defendants argue that the amendments relating to the Stockton references should be permitted because CoreLogic knew of the prior art and failed to disclose it to Defendants. Mark Stockton is a third party witness, who has knowledge of allegedly prior art appraisal systems referred to as "The Appraiser," "The Appraisal," "The Micro-Appraisal," and "The Assessor." The parties dispute when each party first learned of these systems. Stockton apparently first contacted counsel for Fiserv in September 2011. At the time, Stockton did not identify himself or the prior art, but merely indicated that he was aware of prior art. In November 2011, Stockton met with a CoreLogic employee. During the meeting, Stockton may have presented the prior art, but there is no convincing evidence that Stockton gave CoreLogic any documents related to the prior art. There is also testimony that Stockton gave documents to a company related to Interthinx, but there is no evidence that the documents made their way into Interthinx's possession. Overall, there is not enough evidence in the record for the Court to ascertain when

each party was chargeable with knowledge or possession of the Stockton prior art, at least based solely on Stockton's deposition testimony or the representations of counsel.

However, Fiserv amended its initial disclosures on March 9, 2012 and identified Stockton as a "'[n]on-party experienced in the field of real estate valuation,' to testify on 'prior art . . . .'" Dkt. No. 304 at 6, n. 3. Fiserv had documents collected from Stockton, and produced them on March 20, 2012. Dkt. No. 304 at 6. And yet Defendants waited until May, after Stockton's deposition at the end of April, to supplement their invalidity contentions. Defendants offer no explanation for why they waited to begin charting the Stockton references when the documents were in their possession sometime before March 20, or why it was reasonable to wait so long with the close of fact discovery fast approaching. CoreLogic's prejudice could have been lessened if Defendants had disclosed their detailed invalidity contentions based upon the Stockton prior art when they first learned of it, or at least prior to Stockton's deposition.

The Court finds that Defendants have failed to demonstrate the importance of this particular prior art to the defense of their case. Defendants contend that justice requires the consideration of this late prior art, and that it is in the public interest for the jury to consider all prior art. However, this argument fails to appreciate the importance of enforcing the disclosure and discovery rules to ensure that outcomes are based upon the merits, and not unduly influenced by surprise and delay. Accordingly, the Court finds that there is no good cause for permitting the late amendment of Defendants' invalidity contentions and CoreLogic's motion is hereby **GRANTED**.

**SIGNED this 12th day of September, 2012.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE