IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

|  |  |
|---|---|
| CORELOGIC INFORMATION SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FISERV, INC., *et al.*, <br><br> Defendants. | CIVIL ACTION NO.  2:10-cv-132-RSP <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S MOTION TO CONFORM PLEADINGS TO THE EVIDENCE

### I.      INTRODUCTION

Plaintiff CoreLogic Information Solutions, Inc. ("CoreLogic") seeks leave to amend its complaint to add a breach of contract claim in order to conform the pleadings to the evidence under Federal Rule of Civil Procedure 15(b)(2).  The parties have actively litigated the question of whether Defendant Interthinx breached its contract with CoreLogic, and Interthinx has had ample opportunity to respond to the claim.  As amendment will not prejudice Interthinx, granting Plaintiffs' motion to amend will conform with the Fifth Circuit's liberal policy in allowing Rule 15(b) amendments.

### II.      STATEMENT OF LAW

Federal Rule of Civil Procedure 15(b)(2) provides that "when an issue not raised by the pleadings is tried by the parties' express or implied consent" the Court must grant leave "to amend the pleadings to conform them to the evidence and to raise an unpleaded issue."  The Rule 15(b) amendment "reflect[s] the case as it actually was litigated in the courtroom."  6A Charles

Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1491 (3d ed. 2010).  "To effectuate the policy underlying Rule 15(b) and in recognition of the spirit of the Federal Rules of Civil Procedure, this Circuit has pursued 'a course of strong liberality . . . in allowing amendments.'"  *Mineral Indus. & Heavy Constr. Group v. Occupational Safety and Health Review Comm'n*, 639 F.2d 1289, 1292 (5th Cir. 1981) (quoting *United States v. Stephen Brothers Line*, 384 F.2d 118, 124-25 (5th Cir. 1967)); *see also Falls Indus., Inc. v. Consol. Chem. Indus., Inc.*, 258 F.2d 277, 285-86 (5th Cir. 1958) (observing in the context of Rule 15(b) that pleadings are "not an end in themselves").

Implied consent "depends upon whether the parties recognized that the unpleaded issue entered the case at trial, whether the evidence that supports the unpleaded issue was introduced at trial without objection, and whether a finding of trial by consent prejudiced the opposing party's opportunity to respond."  *United States v. Shanbaum*, 10 F.3d 305, 312-13 (5th Cir. 1994). "[T]he Court should consider whether the party has had a fair opportunity to defend against the claim and would be prejudiced in presenting its own case."  *Coppedge v. K.B.I., Inc.*, No. 9:05-CV-162, 2007 WL 1791717, at *5 (E.D. Tex. 2007).  The introduction of evidence relevant to an issue already in the case may show implied consent if there is "a clear indication that the party who introduced the evidence was attempting to raise a new issue."  *Int'l Harvester Credit Corp. v. E. Coast Truck*, 547 F.2d 888, 890-91 (5th Cir. 1977).

## III.   INTERTHINX GRANTED IMPLIED CONSENT TO LITIGATE THE BREACH OF CONTRACT CLAIM

### A.   CoreLogic Has Provided Notice of Its Intent to Litigate a Breach of Contract Claim

There can be no question that whether Interthinx breached its contract with CoreLogic was a prominent issue at trial that was fully litigated by the Parties.  There were many instances during the trial where CoreLogic produced evidence that Interthinx breached the contract,

without objection from Interthinx.  This evidence included detailed testimony elicited by

CoreLogic's counsel concerning activities that were permitted and prohibited by the terms of the

contract.  Trial Tr. 12-23, 128-40, Sept. 25, 2012.[1]  For example, Interthinx's counsel did not

object to the following exchange at trial:

> Findlay: If Interthinx took CoreLogic's data and created its own internal AVM report, I think you said you would – you would consider that to be a creation of a derivative product in violation of that 2006 agreement.  Did I hear your testimony correctly?
>
> Witness: I would consider that as a derivative product, and they would need to get permission to do that.
>
> Findlay: And if they didn't, **would you consider that a breach of that agreement?**
>
> Witness: **If they used our data or services to do so, yes.**

Trial Tr. 139-40, Sept. 25, 2012 (emphasis added).

CoreLogic made it abundantly clear that it intended to bring a breach of contract claim.

Interthinx thus cannot argue that it did not have notice of CoreLogic's claim, even though there

may be some overlap between the evidence supporting the breach of contract claim and other

issues in the case.  As the Fifth Circuit has repeatedly held, overlapping evidence can be used to

show implied consent where there is a "clear indication that the party who introduced the

evidence was attempting to raise a new issue." *Int'l Harvester*, 547 F.2d at 890-91.  In this case,

CoreLogic could not have given a more clear indication of the breach of contract claim:

> Himelfarb: Let me ask you this: You guys – there's no claim in this lawsuit that Interthinx violated any of these agreements, is there?
>
> Witness: I don't know if there is or not.
>
> Himelfarb: This is a patent infringement case.   You're aware of that, right?
>
> Witness: I'm aware of that.
>
> . . . .
>
> Findlay: He's asking him a legal question that's more directed to us.  **I can tell you, yes, there are allegations that you violated these agreements.**

---

[1] Furthermore, CoreLogic will call its damages witness, Alan Ratliff, to testify as on September 26, 2012 (Wednesday).

. . . .
Himelfarb:    You're only alleging patent infringement.  There's – there's no --
              you're not aware of any allegation you guys have ever made that
              we've breached the agreement, have you?
Findlay:      I'm just going to object, Your Honor.  This is a legal question.  We
              – well, it's probably a conversation we should have out of the
              preference of the jury, but **we do believe there's been breaches of
              these contracts repeatedly[.]**

Trial Tr. 51-52, Sep. 25, 2012 (emphasis added).  *See Haught v. Maceluch*, 681 F.2d 291, 306

(5th Cir. 1982) (holding that plaintiff "unequivocally brought the new issue into the case with the

awareness of all of the parties" by "announcing the new theory" at the close of evidence).

Moreover, direct evidence that Interthinx breached its contract is inherently more relevant

to a breach of contract claim than to any other theory litigated in the case, further putting

Interthinx on notice of the breach of contract claim.  *See Wallin v. Fuller*, 476 F.2d 1204, 1210

(5th Cir. 1973) (finding implied consent where overlapping evidence was "much more strongly

relevant" to the new theories, as "should have been apparent to defense counsel"); *Haught*, 681

F.2d at 306 (holding that where evidence is more relevant to the new issue than to other issues

presented in the case, there is sufficient notice that plaintiff is pursuing a new issue).

## B.    Amending the Pleadings Will Not Prejudice Interthinx

Amending the pleadings to conform to the evidence presented at trial will not prejudice

Interthinx because Interthinx will have had every opportunity to respond to the evidence.

CoreLogic has not even closed its affirmative case yet; Interthinx will therefore have its entire

case to rebut CoreLogic's breach of contract claim.  Moreover, Interthinx has already shown that

it will argue that it is in compliance with the parties' contract.  *See Mineral Indus.*, 639 F.2d at

1294 (holding that Rule 15(b) amendment created no prejudice where the defendant could not

identify "any specific additional item of material evidence" that it would have produced had the

complaint originally incorporated the amended material).  Indeed, Interthinx just recently

proposed an additional jury instruction on express license, which goes hand in hand with a breach of contract claim.

Further, Interthinx could have attempted to exclude the breach of contract claim, but did not. In *Wallin*, the Fifth Circuit noted that introduction of a new claim after trial was "offset by the failure of the defendant's attorney to attempt to exclude any of the evidence." *Wallin*, 476 F.2d at 1211. Here, Interthinx never objected to the introduction of evidence supporting the breach of contract claim or to CoreLogic's express statement at trial that it had a breach of contract claim. As in *Wallin*, there is "no reason to conclude that the plaintiff's attorney was acting in bad faith by trying to smuggle in issues for the purpose of surprising the defense at trial." *Id.*

Presenting a Rule 15(b) motion at the end of trial does not create undue delay. *See Wallin*, 476 F.2d at 1211 (granting Rule 15(b) motion that was made at end of trial); *Haught*, 681 F.2d at 306 (Accord). Although delay may be a factor in considering a Rule 15(b)(1) motion, *cf. Moody v. FMC Corp.*, 995 F.2d 63, 66 (5th Cir. 1993), this analysis is not applicable to a Rule 15(b)(2) motion, which, by its very terms, cannot be presented to the Court until after the defendant has consented to litigate the issue at trial.

## IV.   CONCLUSION

The question of whether Interthinx has breached its contract with CoreLogic has been actively litigated throughout the trial. Amending the pleadings to conform to this evidence will further a resolution on the merits of the action in harmony with the spirit and provisions of the Federal Rules of Civil Procedure. As amendment will not in any way prejudice Interthinx, CoreLogic respectfully requests that the Court grant its Motion to Conform Pleadings to the Evidence.

Dated:  September 26, 2012

Respectfully submitted by,

/s/ *Eric H. Findlay*

Eric H. Findlay (Texas Bar No. 00789886)
Brian Craft (Texas Bar No. 04972020)
FINDLAY & CRAFT LLP
6760 Old Jacksonville Hwy, Ste. 101
Tyler, TX 75703
Email:  efindlay@findlaycraft.com
Email:  bcraft@findlaycraft.com
Tel:   (903) 534-1100
Fax:   (903) 534-1137

I. Neel Chatterjee
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Email:  nchatterjee@orrick.com
Tel:   (650) 614-7400
Fax:   (650) 614-7401

Fabio E. Marino
Judith S.H. Hom
Barrington Dyer
MCDERMOTT, WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
Email:  fmarino@mwe.com
Email:  jhom@mwe.com
Email:  bdyer@mwe.com
Tel:   (650) 815-7400
Fax:   (650) 815-7401

Attorneys for Plaintiff
CORELOGIC INFORMATION SOLUTIONS,
INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 26th day of September 2012.

By:  _/s/ Eric H. Findlay_____
Eric H. Findlay

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff and counsel for Defendant participated in a meet and confer and discussed the subject motion with the Court.  Defendant opposes this motion and therefore the parties are at an impasse requiring Court resolution.

_/s/ Eric H. Findlay_____
Eric H. Findlay

OHSUSA:751805603.3