IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CORELOGIC INFORMATION SOLUTIONS, INC.<br><br>v.<br><br>FISERV, INC., et al. | § § § § § § § |

Case No. 2:10-CV-132-RSP

## MEMORANDUM ORDER

Before the Court are Plaintiff's Renewed Motion For Judgment As A Matter Of Law That Interthinx Infringes Claims 1 And 10 of U.S. Patent No. 5,361,201 (Dkt. No. 465) and Plaintiff's Motion For A New Trial (Dkt. No. 466).

## APPLICABLE LAW

### A. Judgment as a Matter of Law

Judgment as a matter of law is appropriate "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . . ." Fed. R. Civ. P. 50(a) & (b). "The grant or denial of a motion for judgment as a matter of law is a procedural issue not unique to patent law, reviewed under the law of the regional circuit in which the appeal from the district court would usually lie." *Finisar Corp. v. DirectTV Group, Inc.*, 523 F.3d 1323, 1332 (Fed. Cir. 2008).

Under Fifth Circuit law, a court is "especially deferential" to a jury's verdict, and will not reverse the jury's findings unless they are not supported by substantial evidence. *Baisden v. I'm Ready Productions, Inc.*, 693 F.3d 491, 499 (5th Cir. 2012). A motion for judgment as a matter of law must be denied "unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." *Id*. at 498 (citation omitted). In other words, "[t]here must be more than a mere scintilla of evidence in the

record to prevent judgment as a matter of law in favor of the movant." *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 606 (5th Cir. 2007).

The Court must review all evidence in the record, and draw all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Id.* at 151 (citation omitted).

**B. New Trial**

After a jury trial, the Court may grant a new trial on all or some issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985). When a motion for a new trial questions the sufficiency of the evidence, the Court must review all the evidence "in a light most favorable to the jury's verdict" and the motion must be denied "unless the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable persons could not arrive at a contrary conclusion." *Dawson v. Wal-Mart Stores, Inc.*, 972 F.2d 205, 208 (5th Cir. 1992).

## DISCUSSION

**A. Plaintiff's Position that Interthinx Infringes Claims 1 and 10**

Plaintiff CoreLogic Information Solutions, Inc. ("CoreLogic") moves for judgment as a matter of law that Defendant Interthinx, Inc. ("Interthinx") infringes claims 1 and 10 of U.S.

Patent No. 5,361,201 (the "'201 patent"). To prove infringement, the patentee must show the presence of every element or its equivalent in the accused device. *Lemelson v. United States*, 752 F.2d 1538, 1551 (Fed. Cir. 1985). Determining infringement is a two-step process: "[f]irst, the claim must be properly construed, to determine the scope and meaning. Second, the claim, as properly construed must be compared to the accused device or process." *Absolute Software, Inc. v. Stealth Signal, Inc.*, 659 F.3d 1121, 1129 (Fed. Cir. 2011) (citing *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1576 (Fed. Cir. 1993)). "A determination of infringement is a question of fact that is reviewed for substantial evidence when tried to a jury." *ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1311 (Fed. Cir. 2007).

CoreLogic spends a great deal of briefing on the "predictive model" limitations of the '210 patent, relying heavily on alleged inconsistencies in Interthinx's non-infringement case. However, it is axiomatic that Interthinx did not have the burden to disprove infringement. Instead, CoreLogic had the burden to prove it. Evidence existed that could lead a reasonable jury to find that CoreLogic had failed to meet its burden. For example, CoreLogic's sole infringement witness, Dr. Lipscomb, when questioned by Interthinx, was unable to cite specific portions of source code to support certain limitations of the claims. (*See, e.g.*, Resp. at 11.) The weaknesses in Dr. Lipscomb's testimony alone could reasonably support a jury verdict of non-infringement.

Additionally, Interthinx presented voluminous testimony that Interthinx's implementation did not meet the "predictive model" limitation, as well as other limitations of the claims. The Court observes that multiple witnesses other than Professor Kursh discussed the "predictive model" limitation – including Dr. Jost's testimony that "adding them up, taking the average … is not the predictive model that [he] invented." (*See, e.g.*, Resp. at 8.) A reasonable jury could

weigh the substantial evidence and testimony presented at trial, including that by Drs. Jost and Lipscomb and Prof. Kursh, and reach the conclusion that Interthinx's implementation did not meet the "predictive model" recited by claims 1 and 10.  Even if this limitation had been shown, substantial evidence was presented at trial that would allow a reasonable jury to make a finding of non-infringement based on a number of other limitations.

The Court finds that substantial evidence exists to support the jury's finding of noninfringement.  Thus, CoreLogic has failed to show that a "reasonable jury would not have a legally sufficient evidentiary basis to find for" Interthinx on the issue of infringement as required under FRCP 50.  Similarly, the Court finds that CoreLogic has failed to show that the jury's non-infringement verdict was against the great weight of the evidence presented at trial and thus, a new trial is not warranted for this issue.

**B. Plaintiff's Position that Dr. Kursh's Testimony was Misleading**

Plaintiff CoreLogic Information Solutions, Inc. ("CoreLogic") also moves for a new trial on the basis that Dr. Kursh's allegedly misleading testimony improperly prejudiced the jury. CoreLogic largely rehashes the grounds that were set forth, and rejected, in the Court's Order on Plaintiff's Motion to Exclude Opinions and Testimony of Defendant Interthinx's Expert Witness Dr. Steven Kursh (Dkt. No. 422), where the Court found that "Plaintiff has not shown that Dr. Kursh's testimony necessarily rests upon a claim construction that is inconsistent with that previously announced by the Court."  CoreLogic's complaints pertain to Dr. Kursh's testimony regarding the "learning" of predictive models.  It is instructive, although not determinative, that Dr. Kursh never mentioned the allegedly misleading terminology on direct, and in fact, the terms and phrases in question were injected by CoreLogic's counsel.  To allow CoreLogic to invite – and even inject – allegedly misleading issues in cross-examination and then request a new trial on those grounds would be contrary to justice in this case.  CoreLogic can also not show that it

was prejudiced. In an abundance of caution, the Court adopted CoreLogic's request to add an instruction that a "predictive model" is not limited to a neural network. The Court finds that the curative instruction alone allays any fear of confusion on that issue. Even without this instruction, however, there existed substantial evidence for non-infringement on a number of alternative grounds, as set forth above.

## CONCLUSION

Having found that Plaintiffs are not entitled to judgment as a matter of law on the grounds raised in their motion and are not otherwise entitled to a new trial, Plaintiff's Renewed Motion For Judgment As A Matter Of Law That Interthinx Infringes Claims 1 And 10 of U.S. Patent No. 5,361,201 (Dkt. No. 465) and Plaintiff's Motion For A New Trial (Dkt. No. 466) are **DENIED**.

**SIGNED this 30th day of September, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE